CastlePoint Natl. Ins. Co. v Mt. Hawley Ins. Co. (2022 NY Slip Op 00267)





CastlePoint Natl. Ins. Co. v Mt. Hawley Ins. Co.


2022 NY Slip Op 00267


Decided on January 18, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 18, 2022

Before: Renwick, J.P., Webber, Oing, Scarpulla, Pitt, JJ. 


Index No. 150592/21 Appeal No. 15078 Case No. 2021-02861 

[*1]CastlePoint National Insurance Company, as Assignee of Vordonia Contracting & Supplies Corp., Plaintiff-Appellant,
v
Mt. Hawley Insurance Company, Defendant-Respondent.


Kennedys CMK LLP, New York (Max W. Gershweir of counsel), for appellant.
Delahunt Law PLLC, Buffalo (Timothy E. Delahunt of counsel), for respondent.



Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered on or about July 14, 2021, which, to the extent appealed from as limited by the briefs, granted defendant Mt. Hawley Insurance Company's motion to dismiss the complaint based on the cross liability exclusion in the Mt. Hawley policies, unanimously reversed, on the law, without costs and the motion denied.
Plaintiff CastlePoint National Insurance Company effectively seeks reimbursement for amounts that it claims Mt. Hawley should have paid to its insured, Trumbull Equities, LLC. The sole issue on appeal is whether Mt. Hawley correctly disclaimed coverage based on the cross liability exclusion, set forth in the Mt. Hawley primary policy, which states that "[t]his insurance does not apply to any liability for any action, claim or 'suit' brought by one Named Insured against any other Named Insured covered under this policy."
The cross liability exclusion, by its plain terms, excludes coverage solely between named insureds, and while Mt. Hawley contends that Trumbull was a named insured, the Mt. Hawley policies identified Trumbull as a named insured only in its capacity as owner of a different premises, not the premises where the loss occurred. In strictly construing the policy exclusion and deciding any ambiguity against Mt. Hawley (see National Football League v Vigilant Ins. Co., 36 AD3d 207, 211 [1st Dept 2006]), we find that the exclusion does not bar CastlePoint's claims because Trumbull was an additional insured with respect to the subject premises.
In view of the foregoing, we do not reach CastlePoint's argument concerning waiver of the exclusion. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 18, 2022